
NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| JOSE ANDRES ASCENCIO-PANDO, | ) ) ) | No. 06-73224 |
| | ) | Agency No. A073-758-453 |
| Petitioner, | ) | |
| | ) | **MEMORANDUM**[*] |
| v. | ) | |
| | ) | |
| ERIC H. HOLDER Jr., Attorney General, | ) ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 5, 2010[**]
San Francisco, California

Before:     FERNANDEZ and SILVERMAN, Circuit Judges, and DUFFY,[***]
District Judge.

Jose Andres Ascencio-Pando, a native and citizen of Peru, petitions for

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

[***]The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

review of the Board of Immigration Appeals' denial of his application for asylum. We deny the petition.

The BIA's determination that an alien is not eligible for asylum must be upheld if "'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" INS v. Elias-Zacarias, 502 U.S. 478, 481, 112 S. Ct. 812, 815, 117 L. Ed. 2d 38 (1992). "It can be reversed only if the evidence presented . . . was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." Id.; see also Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir. 2003). When an alien seeks to overturn the BIA's adverse determination, "he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483–84, 112 S. Ct. at 817. When an asylum claim is involved, an alien must show either past persecution or a well-founded fear of future persecution that is "subjectively genuine and objectively reasonable." Fisher v. INS, 79 F.3d 955, 960 (9th Cir. 1996) (en banc); see also Gu v. Gonzales, 454 F.3d 1014, 1019 (9th Cir. 2006).

Ascencio cannot meet his heavy burden. The evidence supports the conclusion that he did not show that he suffered past persecution on account of a political opinion. See Yan Xia Zhu v. Mukasey, 537 F.3d 1034, 1043 (9th Cir.

2

2008). He suggests that he was persecuted for exposing official corruption,[1] but the evidence does not compel a conclusion that he did expose corruption, much less that he was persecuted for doing so. See Molina-Morales v. INS, 237 F.3d 1048, 1051–52 (9th Cir. 2001); see also Kozulin v. INS, 218 F.3d 1112, 1117 (9th Cir. 2000). Moreover, he did not present evidence that compelled a finding of an objectively reasonable fear of future persecution. Rather, his return to Peru ten years after the incident in question resulted in no harm and he was actually given a friendly reception. That makes it even less likely that he will now be persecuted. See Belayneh v. INS, 213 F.3d 488, 491 (9th Cir. 2000). Finally, the absence of past persecution renders the humanitarian exception inapplicable, and if some persecution did occur, the evidence does not compel a finding that it was so atrocious that asylum must be granted. See id.; Kumar v. INS, 204 F.3d 931, 934–35 (9th Cir. 2000); cf. Matter of Chen, 20 I. & N. Dec. 16, 19–20 (BIA 1989).

Petition DENIED.

---

[1]See Fedunyak v. Gonzales, 477 F.3d 1126, 1129 (9th Cir. 2007); Grava v. INS, 205 F.3d 1177, 1181–82 (9th Cir. 2000).